UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE CO., | ) |
| Plaintiff | ) ) ) |
| vs. | ) CAUSE NO. 3:05-CV-783 RM ) |
| ANTHONY EULER, ANNA LEE, JULIE LEE and JUDITH RADKE, | ) ) ) ) |
| Defendants | ) |

OPINION and ORDER

This cause is before the court on Allstate Insurance Company's motion for summary judgment on its declaratory judgment action. Allstate asserts it is entitled to judgment and a declaration that the company owes no coverage to Anna Lee and Julie Lee on their claims against Anthony Euler resulting from the automobile accident here at issue, and so has no duty to defend or indemnify Mr. Euler on those claims. Allstate says the "household exclusion" of the Allstate automobile insurance policy issued to Judith Radke bars coverage for Anna and Julie. Mr. Euler, who filed the only response to Allstate's motion, argues that summary judgment is inappropriate because the exclusion is overly broad and renders the policy illusory.

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). There is no genuine issue of material fact when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the non-moving party. O'Neal v. City of Chicago, 392 F.3d 909, 910-911 (7th Cir. 2004). "The mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). However, the party with the burden of proof on an issue must show that there is enough evidence to support a jury verdict in its favor. Lawrence v. Kenosha Cty., 391 F.3d 837, 842 (7th Cir. 2004); *see also* Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003) ("As we have said before, summary judgment 'is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.'" (*quoting* Schacht v. Wisconsin Dep't of Corr., 175 F.3d 497, 504 (7th Cir. 1999)).

The underlying facts of the case aren't in dispute. Allstate issued an automobile insurance policy to Judith Radke, Policy No. 902431833 12/18,

2

which was in effect from December 18, 2002 through June 18, 2003. On February 23, 2003, during the coverage period of the Allstate policy, Anthony Euler was driving Ms. Radke's automobile in Michigan City, Indiana, when he was involved in an accident. Two passengers in the car, Anna Lee and Julie Lee, daughters of Ms. Radke who resided with her in her Michigan City apartment, were injured in the accident.

On May 14, 2004, Anna and Julie filed suit in the LaPorte Superior Court against Mr. Euler (and the driver of the other automobile involved in the collision) alleging that Mr. Euler's negligence in his operation of Ms. Radke's automobile caused them to be injured. Based on Mr. Euler's request that Allstate defend and indemnify him under Ms. Radke's policy, Allstate filed this declaratory judgment action seeking a declaration that the "household exclusion" in Ms. Radke's policy expressly excludes coverage for Anna and Julie and, as a result, Allstate has no obligation to defend or indemnify Mr. Euler in the state court action.

The parties agree Indiana law governs interpretation of the Allstate policy. Indiana law provides that insurance policies are subject to the same rules of construction as other contracts and must be interpreted "with the goal of ascertaining and enforcing the parties' intent as revealed by the insurance contract." <u>Westfield Cos. v. Knapp</u>, 804 N.E.2d 1270, 1274 (Ind. Ct. App. 2004). Interpretation of an insurance policy, even an ambiguous one, generally presents a question of law appropriate for summary

3

judgment. Colonial Penn Ins. Co. v. Guzorek, 690 N.E.2d 664, 667 (Ind. 1997); Barclay v. State Auto Ins. Cos., 816 N.E.2d 973, 975 (Ind. Ct. App. 2004). An insurance contract is ambiguous

> when it is susceptible to more than one interpretation and reasonably intelligent persons would honestly differ as to its meaning. An ambiguity does not exist simply because a controversy exists between the parties, with each favoring a different interpretation.
> An unambiguous policy must be enforced according to its terms, even those which limit the insurer's liability. Courts may not extend coverage delineated by the policy nor may it rewrite the clear and unambiguous language of the policy. However, an exclusionary clause will not be read so broadly as to effectively exclude all coverage.

Sans v. Monticello Ins. Co., 676 N.E.2d 1099, 1101-1102 (Ind. Ct. App. 1997). If the contract language is unambiguous and the facts are undisputed, judgment may be rendered as a matter of law. Pennington v. American Family Ins. Group, 626 N.E.2d 461, 463 (Ind. Ct. App. 1993).

Allstate asserts that Anna's and Julie's claims are barred by the household exclusion contained in insurance policy at issue. That exclusion provides in relevant part that "Allstate will not pay for any damages an insured person is legally obligated to pay because of . . . bodily injury to any person related to an insured person by blood, marriage, or adoption and residing in that person's household." According to Allstate, because Anna and Julie are the daughters of Judith Radke, the insured, and they reside in her household, their claims under the Allstate policy are not covered. Allstate says Indiana courts have upheld similar household exclusions,

4

citing to the decisions in <u>Transamerica Ins. Co. v. Henry</u>, 563 N.E.2d 1265 (Ind. 1990), <u>Allstate Ins. Co. v. Boles</u>, 481 N.E.2d 1096 (Ind. 1985), and <u>United Farm Bureau Mut. Ins. Co. v. Steele</u>, 622 N.E.2d 557 (Ind. Ct. App. 1994), where Indiana courts upheld household exclusions as not contrary to the state's public policy.

Mr. Euler responds that the cases cited by Allstate are easily distinguishable because the household exclusions in the those cases are far narrower than the Allstate exclusion. The court can't agree. The various household exclusions read as follows:

Allstate exclusion:
> Allstate will not pay for any damages an insured person is legally obligated to pay because of . . . bodily injury to any person related to an insured person by blood, marriage, or adoption and residing in that person's household.

<u>Transamerica Ins. Co. v. Henry</u>, 563 N.E.2d 1265, 1266 (Ind. 1990):
> EXCLUSIONS: We do not provide liability coverage . . . for bodily injury to any person who is related by blood, marriage or adoption to you, if that person resides in your household at the time of the loss.

<u>Allstate Ins. Co. v. Boles</u>, 481 N.E.2d 1096, 1097-1098 (Ind. 1985):
> Exclusions. . . . This Section I does not apply to: . . . bodily injury to any person who is related by blood, marriage, or adoption to an injured against whom claim is made if such person resides in the same household as such insured.

<u>United Farm Bureau Mut. Ins. Co. v. Steele</u>, 622 N.E.2d 557, 559 (Ind. Ct. App. 1993):
> This insurance does not apply to . . . bodily injury to . . . any person related to the insured . . . and who is a resident of the same household as the insured.

Each clause excludes coverage for injury and damage claims by any person who is related to the insured and resides in the insured's household.

Mr. Euler claims the Allstate exclusion is much broader than the other exclusions just quoted in light of the definition of an "insured" person found in Part 2 of the Allstate policy. While Mr. Euler claims the Allstate exclusion is overly broad, he hasn't offered any specifics about why the Allstate exclusion is overly broad, or explained how the definition of an "insured person" contained in the "Additional Definitions for Part 2" of the policy relates to the household exclusion contained in Part 1 of the policy (which includes a section entitled "Additional Definitions for Part 1"), or detailed how the Part 2 definition renders the household exclusion overly broad.

Mr. Euler also argues that Allstate's reliance on <u>Transamerica Ins. Co. v. Henry</u> "falls short of the mark," but the facts of <u>Transamerica</u> are particularly similar to today's case. In <u>Transamerica</u>, Amy Anderson drove a vehicle owned by Clifford and Elizabeth Henry and insured by Transamerica. Michael, the Henrys' minor son, was riding in the car with Ms. Anderson when she collided with a truck. Michael was hurt in the accident, and his parents sued Ms. Anderson and the driver of the other vehicle. After Ms. Anderson's own insurance company paid its policy limit, she asked Transamerica to defend and indemnify her in the Henrys' lawsuit. Transamerica asserted that the Henrys' claim for their son's injuries was

not covered pursuant to the policy's household exclusion, which excluded liability coverage for bodily injury "to any person who is related by blood, marriage or adoption to you, if that person resides in your household at the time of the loss." Transamerica, 563 N.E.2d at 1266. The Indiana Supreme Court reaffirmed that "household exclusion clauses comport with Indiana public policy" and upheld the validity of the exclusion. 563 N.E.2d at 1269.

Mr. Euler asserts Transamerica is distinguishable because the exclusion clause language in that case is narrower than the language in the Allstate policy. Mr. Euler says the Transamerica court "found that this particular exclusion was not void against public policy as it did not believe the legislature intended for parent's liability insurance to cover actions brought by their own children." Mr. Euler asks Allstate to cover him in a suit brought by the policyholder's children, a situation exactly like that in Transamerica. Mr. Euler's summary conclusion that the Allstate exclusion "is, simply stated, far broader than before the court in . . . *Transamerica* and, for this reason defects the insured's reasonable expectation of coverage," does not raise a genuine issue of material fact.

Mr. Euler further argues that the Allstate exclusion shouldn't be upheld because its breadth renders coverage illusory. Mr. Euler characterizes the household exclusion as "exclud[ing] coverage for anyone using the Radke vehicle." The Allstate exclusion of claims for bodily injury by the insured and relatives of the insured doesn't negate all coverage for

7

the insured or for anyone else using the insured's vehicle. As a permissive driver of the insured vehicle, Mr. Euler may be covered under the policy for other types of damages – just not for claims for bodily injury by Ms. Radke, the insured, and her daughters, residents of her household.

Mr. Euler provides insufficient support for his conclusion that the Allstate exclusion is overly broad. Mr. Euler also claims the Allstate exclusion defeats his reasonable expectation of coverage, but he hasn't designated any evidence indicating that he had an objectively reasonable expectation of greater coverage than Ms. Radke's policy provides. *See* Landis v. American Interinsurance Exchange, 542 N.E.2d 1351, 1354 (Ind. Ct. App. 1989) (holding that when policy coverage is illusory, the court will apply the insured's objectively reasonable expectations). Viewing the record in the light most favorable to Mr. Euler, the court concludes he hasn't carried his burden of establishing a genuine issue of material fact to defeat summary judgment. Accordingly, Allstate's motion for summary judgment as to all defendants [docket # 23] is GRANTED. The clerk shall enter a declaratory judgment that Allstate Insurance Company (a) owes no coverage to Anna Lee and Julie Lee on their claims against Anthony Euler resulting from the automobile collision that occurred on February 23, 2003, and (b) owes no duty to Anthony Euler to defend or indemnify him with respect to any claims resulting from the February 23, 2003 automobile accident.

SO ORDERED.

ENTERED:  November 16, 2006

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court